UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

SHANE N. TOWNSEND,

Plaintiff,

v.

SHERYL RAMSTAD-HVASS, MINNESOTA DEPARTMENT OF CORRECTIONS, LOUIS STENDER, DIANA LIND, and GRETCHEN OTTO,

Defendants.

Civil File No. 01-1717(DWF/SRN)

**REPORT AND RECOMMENDATION**

Plaintiff, a prisoner at the Minnesota Correctional Facility at Stillwater, Minnesota, ("MCF-STW"), has filed a complaint alleging that Defendants have violated his federal constitutional rights. The matter is presently before the undersigned Magistrate Judge for initial screening pursuant to 28 U.S.C. § 1915A, and for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1.[1] For the reasons discussed below, the Court finds that Plaintiff's complaint fails to state a claim on which relief can be granted. It will therefore be recommended that this action be summarily dismissed pursuant to § 1915A(b).

[1] Plaintiff did not tender the required filing fee with his complaint, but instead filed an application seeking leave to proceed in forma pauperis, ("IFP"). (Docket No. 2.) By order dated September 19, 2001, (Docket No. 3), the Court advised Plaintiff that his IFP application would not be addressed, and his action could not proceed, unless he paid the initial partial filing fee required by 28 U.S.C. § 1915(b)(1). Plaintiff has now paid his initial partial filing fee, (Docket No. 4), and the matter is therefore ripe for initial screening pursuant to § 1915A.

FILED OCT 24 2001
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

## I. BACKGROUND

Plaintiff's claims stem from an incident that occurred on December 2, 2000, at the Minnesota Correctional Facility at Moose Lake, Minnesota, ("MCF-ML"). On that date, Plaintiff was involved in an altercation with some other inmates at the MCF-ML prison gymnasium. As a result of his role in the altercation, Plaintiff was charged with violating several prison rules. Plaintiff maintained his innocence, however, and requested a hearing on the matter. A disciplinary hearing was conducted in January 2001, and Petitioner was found guilty of several offenses. As punishment, he was ordered to spend 360 days in segregated confinement. Soon after his hearing was completed, Plaintiff was transferred to MCF-STW. He was still in segregated confinement there on September 18, 2001, when he filed his present complaint.

Plaintiff is attempting to sue four individuals who he holds responsible for his segregated confinement -- (1) Diana Lind, a "discipline unit prosecutor" who allegedly brought the disciplinary charges against Plaintiff, (2) Gretchen Otto, an attorney with the Legal Advocacy Project, who allegedly provided legal representation to Plaintiff in connection with his disciplinary proceedings, (3) Louis Stender, the Warden at MCF-ML, and (4) Sheryl Ramstad-Hvass, the Minnesota Commissioner of Corrections. Plaintiff alleges that Defendants Lind and Otto violated his constitutional rights during the course of his disciplinary proceedings, and that Defendants Stender and Ramstad-Hvass violated his constitutional rights by refusing to vacate the disciplinary sanctions imposed against him. Plaintiff is seeking "nominal," "compensatory," and "punitive" damages from the various Defendants, as well as "injunctive relief from the Minnesota Department of Corrections in a form to be determined at a later date."

## II. DISCUSSION

Because Plaintiff is a prisoner who is seeking redress from government employees, his pleading is subject to preliminary "screening" pursuant to 28 U.S.C. § 1915A. That statute, which is part of the Prison Litigation Reform Act of 1995, ("the PLRA"), requires federal courts to screen the pleadings in every civil action brought by a prisoner against governmental entities and/or employees "before docketing, if feasible or, in any event, as soon as practicable after docketing." 28 U.S.C. § 1915A(a). The Court must determine which aspects of the pleading are actionable and should be allowed to proceed. If the complaint fails to state a legally cognizable claim, it must be dismissed. 28 U.S.C. § 1915A(b)(1).

The present action must be dismissed in its entirety pursuant to § 1915A(b)(1), because Plaintiff has failed to state any claim on which relief can be granted. As far as the Court can tell, Plaintiff is attempting to sue the four named Defendants for (i) violating his constitutional rights under the Fourteenth Amendment by denying him due process in connection with his disciplinary proceedings, and (ii) violating his constitutional rights under the Eighth Amendment by allowing him to be assigned to, and remain in, segregated confinement. However, the facts alleged in Plaintiff's complaint do not support either of those claims.

A. Due Process Claim

To maintain an actionable Fourteenth Amendment due process claim, a prisoner must allege, (and ultimately prove), that he has been deprived of some constitutionally protected interest. Ragan v. Lynch, 113 F.3d 875, 876 (8th Cir. 1997) ("[a] due process claim is cognizable only if there is a recognized liberty or property interest at stake"). In this

case, it appears that the only constitutionally protected interest that Plaintiff could be asserting is an interest in remaining in the general prison population, as opposed to segregated confinement. Thus, Plaintiff seems to be claiming that (a) he has a protected liberty interest in remaining in the general prison population; (b) he could not be deprived of that interest, (i.e., he could not be removed from the general prison population, and placed in segregated confinement for 360 days), without being afforded the protections of due process; and (c) his Fourteenth Amendment rights were violated, because he did not receive the protections of due process before being placed in segregated confinement.

Plaintiff's due process claim is defective, however, because he does not have a constitutionally protected liberty interest in remaining in the general prison population. Therefore, he was not constitutionally entitled to the protections of due process before being placed in segregated confinement.

A constitutionally protected liberty interest will be found, and the protections of due process will thus come into play, only when a prisoner has shown the type of unusual hardship or dramatic departure from ordinary prison life contemplated in Sandin v. Conner, 515 U.S. 472 (1995). There, the Supreme Court held that a prisoner cannot sustain a due process claim unless he can show that he has suffered an "atypical and significant hardship... in relation to the ordinary incidents of prison life." Id. at 484. In Moorman v. Thalacker, 83 F.3d 970, 972 (8th Cir. 1996), our Court of Appeals interpreted Sandin to mean that prisoner due process rights are implicated only when there have been "deprivations which work such major disruptions in a prisoner's environment and life that they present dramatic departures from the basic conditions and ordinary incidents of prison sentences." (Emphasis added.)

Here, Plaintiff has not pleaded an actionable due process claim because the only "hardship" shown in his complaint is his removal from the general prison population for 360 days. While Plaintiff's lengthy term of segregated confinement is undoubtedly unpleasant, it does not constitute the type of "atypical and significant hardship" that will support a due process claim.

Sandin itself shows that segregated confinement does not normally constitute the type of "atypical and significant hardship" that implicates a constitutionally protected liberty interest. Although the term of segregated confinement at issue in Sandin was only 30 days, other federal cases decided after Sandin establish that even much longer periods of segregated confinement do not constitute the type of hardship that can give rise to a due process claim.[2] Indeed, there are quite a few federal court decisions rejecting due process claims based on periods of segregated confinement even longer than the 360 days at issue in the present case.[3] At the same time, the Court is not aware of even one case in which

---

[2] In two unpublished decisions, the Eighth Circuit has found that periods of segregated confinement far longer than the 30 days involved in Sandin do not constitute an atypical and unusual hardship giving rise to a constitutionally protected liberty interest. Howard v. Collins, No. 97-1642 (8th Cir. 1997), 1997 WL 710314 (eight month stint in "ad seg" would not support due process claim); Driscoll v. Youngman, No. 95-4037 (8th Cir. 1997), 1997 WL 581072 (135 days in disciplinary and administrative segregation would not support due process claim).

[3] See e.g., Jones v. Baker, 155 F.3d 810 (6th Cir. 1998) (30 months); Griffin v. Vaughn, 112 F.3d 703 (3rd Cir. 1997) (15 months); Bonner v. Parke, 918 F.Supp. 1264 (N.D.Ind. 1996) (36 months); Dabney v. Anderson, 92 F.Supp.2d 801 (N.D.Ind. 2000) (36 months); Polanco v. Allan, No. 93-CV-1498 (N.D.N.Y. 1996), 1996 WL 250237 (12 months); Acosta v. McGrady, No. CIV.A. 96-2874 (E.D. Pa. 1999), 1999 WL 158471 (14 months); Johnston v. Vaughn, No. CIV.A. 00-CV-1844 (E.D.Pa. 2000) 2000 WL 1694029 (15 months). See also, Wilson v. Harper, 949 F.Supp. 714, 723 (S.D.Iowa 1996) (eleven months in "administrative segregation-type conditions" did not constitute the type of hardship that would support a due process claim); Stone-Bey v. Barnes, 913 F.Supp. 1226, 1233-34 (N.D.Ind. 1996) (one year in segregated confinement does not implicate a

a prisoner has been allowed to maintain a due process claim based on a term of segregated confinement of less than a year. Thus, the Court concludes that Plaintiff's assignment to segregated confinement for a term of less than one year does not, by itself, implicate a protected liberty interest warranting the protections of due process. Plaintiff has therefore failed to plead an actionable due process claim.

B. Eighth Amendment Claim

To state an actionable civil rights claim based on the Eighth Amendment, a prisoner must allege facts showing that prison officials were personally aware of some particular "excessive risk" to his health or safety, and knowingly and deliberately disregarded that risk. Williams v. Delo, 49 F.3d 442, 446 (8th Cir. 1995). The prisoner's complaint must allege facts showing that the named defendant(s) harmed him by deliberately disregarding his "serious medical needs," (Estelle v. Gamble, 429 U.S. 97, 104-05 (1976)), forcing him to live in conditions that do not meet the minimum standards of a civilized society, (Rhodes v. Chapman, 452 U.S. 337, 347 (1981)), using excessive physical force, (Hudson v. McMillian, 503 U.S. 1, 6-7 (1992)), or deliberately exposing him to an obvious risk of physical harm, (Farmer v. Brennan, 511 U.S. 825, 834 (1994)). No facts showing any such mistreatment are alleged in Plaintiff's present complaint.

Plaintiff has not alleged that he has been physically abused while in segregated confinement; nor has he alleged that he has been deprived of health care for any serious medical needs; nor has he alleged that he has been deprived of any other basic necessities

---

protected liberty interest), vacated on other grounds, 120 F.3d 718 (7th Cir. 1997); Marino v. Klages, 973 F.Supp. 275, 278 (N.D.N.Y. 1997)(noting that "district courts in the Second Circuit have generally found that any SHU [segregated housing unit] confinement under a year in time is not an atypical or significant hardship on prisoners").

of life. Because Plaintiff has not alleged any facts suggesting that he has been subjected to any "cruel and unusual punishment," as that phrase has been interpreted by the federal courts, his complaint fails to state an actionable Eighth Amendment claim.

**III. CONCLUSION**

For the reasons discussed above, the Court concludes that Plaintiff has failed to state any civil rights claim on which relief can be granted. He has not stated a Fourteenth Amendment due process claim, because he has not shown that he was deprived of any constitutionally protected liberty interest. He has also failed to state an Eighth Amendment claim, because he has not alleged any facts showing that Defendants have deliberately caused any material harm to his health or safety. Because Plaintiff has failed to plead any cognizable claim, the Court will recommend that this action be summarily dismissed pursuant to 28 U.S.C. § 1915A(b)(1).

Because the action is to be dismissed, Plaintiff's "Application To Proceed Without Prepayment of Fees," (Docket No. 2), must be denied. See 28 U.S.C. § 1915(e)(2)(B)(ii). Notwithstanding the dismissal of this action, Plaintiff shall remain liable for the unpaid balance of the $150 filing fee.[4] He has paid only $8.00, so he still owes $142.00. Prison

[4] Under the PLRA, prisoners may be excused from pre-paying the full amount of the applicable filing fee before filing an action. However, 28 U.S.C. § 1915(b) clearly states that prisoners "shall be required to pay the full amount of the filing fee." In other words, prisoners are permitted to file actions without paying the full filing fee in advance, but they still remain liable for the fee. Ashley v. Dilworth, 147 F.3d 715, 716 (8th Cir. 1998) ("[t]he purpose of the [PLRA] was to require all prisoner-litigants to pay filing fees in full, with the only issue being whether the inmate pays the entire filing fee at the initiation of the proceeding or in installments over a period of time"). Nothing in the PLRA suggests that the dismissal of a prisoner's action would extinguish the ultimate obligation to pay the filing fee. See In re Tyler, 110 F.3d 528, 529-30 (8th Cir. 1997) ("the PLRA makes prisoners responsible for their filing fees the moment the prisoner brings a civil action or files an appeal").

officials will have to deduct that amount from his prison trust account and pay it to the Clerk of Court in the manner prescribed by 28 U.S.C. § 1915(b)(2). Finally, the dismissal of this action should count as a "strike" against Plaintiff for purposes of 28 U.S.C. § 1915(g).

## IV. RECOMMENDATION

Based upon the above, and upon all the files, records, and proceedings herein, **IT IS RECOMMENDED** that:

1. Plaintiff's "Application to Proceed Without Prepayment of Fees," (Docket No. 2), be **DENIED**;

2. This action be **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1);

3. Plaintiff be required to pay the unpaid balance of the Court filing fee, namely $142.00, in accordance with 28 U.S.C. § 1915(b)(2); and

4. For purposes of 28 U.S.C. § 1915(g), this action be dismissed on the grounds that it is frivolous, malicious, or fails to state a claim on which relief may be granted.

Dated: October 24, 2001

Susan Richard Nelson
SUSAN RICHARD NELSON
United States Magistrate Judge

Pursuant to Local Rule 72.1(c)(2), any party may object to this report and recommendation by filing with the Clerk of Court and serving all parties, within ten days after being served with a copy thereof, written objections which specifically identify the portions of the proposed findings, recommendations or report to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief with ten days after service thereof. All briefs filed under this rule shall be limited to ten pages. A judge shall make a de novo determination of those portions to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.