**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

SHANE NATHANIAL TOWNSEND,

Plaintiff-Appellant,

v.

SHERYL RAMSTAD HVASS,
Commissioner,
Minnesota Department of Corrections;
LOU STENDER, sued as Louis Stender,
Warden at Minnesota Correctional
Facility-Moose Lake; and GRETCHEN A.
OTTO, sued as Gretchen Otto,

Defendant-Respondents.

Civil No. 01-1717 (DWF/SRN)

**ORDER**

---

Shane N. Townsend, *Pro Se*, #169127, Minnesota Correctional Facility, 970 Pickett Street North, Bayport, MN 55003-1490, Plaintiff.

---

This matter is presently before the Court on Plaintiff's application for leave to proceed *in forma pauperis* ("IFP") on appeal (Doc. No. 12). For the reasons discussed below, the Court concludes that: (a) Plaintiff's IFP application should be granted; and (b) Plaintiff should be excused from paying any initial partial filing fee for his appeal.

Plaintiff is an inmate at the Minnesota Correctional Facility in Stillwater, Minnesota. He is attempting to appeal this Court's dismissal of his complaint seeking relief under 42 U.S.C. §1983. Because Plaintiff is a prisoner, his IFP application is governed by the Prison Litigation

FILED JAN 16 2002
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

Reform Act of 1995 ("PLRA"). The PLRA requires all prisoner litigants to pay the full $105 filing fee for an appeal, regardless of their financial circumstances. 28 U.S.C. § 1915(b)(1); *see also Henderson v. Norris*, 129 F.3d 481 (8th Cir. 1997); *In re Tyler*, 110 F.3d 528, 529-30 (8th Cir. 1997) . However, a prisoner who is financially eligible for IFP status under 28 U.S.C. § 1915 will be excused from pre-paying the full $105 filing fee as a condition to filing an appeal and will instead be required to pay the filing fee in installments.

When a prisoner applies for IFP status on appeal, the Court must first determine whether the prisoner is "destitute;" *i.e.*, whether he or she has "no assets and no means" by which to pay even a partial filing fee. 28 U.S.C. § 1915(b)(4). If the prisoner is found to be wholly destitute, then he or she will not have to pre-pay any part of the filing fee. If the prisoner is found not to be wholly destitute, then the Court must calculate and assess an "initial partial filing fee" pursuant to § 1915(b)(1). *Henderson*, 129 F.3d at 485. In either event, the remaining balance of the $105 filing fee is to be paid in installments pursuant to § 1915(b)(2).

A prisoner's IFP application will be denied regardless of his financial circumstances if the Court determines that his appeal is not taken "in good faith." 28 U.S.C. §§ 1915(a)(3) and 1915(e)(2); Fed. R. App. P. 24(a)(3); *see also Henderson*, 129 F.3d at 485 ("District courts should continue to certify pursuant to § 1915(a)(3) and Federal Rule of Appellate Procedure 24(a) whether or not an appeal by any appellant who has moved in the district court to proceed in forma pauperis on appeal is or is not taken in good faith"). Good faith in this context is judged by an objective standard and not by the subjective beliefs of the appellant. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962). To determine whether an appeal is taken in good faith, the Court must decide whether the claims to be decided on appeal are factually or legally

frivolous. *Id.* An appeal is frivolous, and therefore cannot be taken in good faith, "where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

In the instant case, the Court finds that Plaintiff is wholly destitute at this time. His IFP application shows that he has no regular source of income and no assets. The IFP application also shows that his average monthly deposit to his prison trust account during the past six months has been only $6.82, and the average monthly balance in his account during the same period has been only $4.00. Even more significantly, the IFP application shows that Plaintiff presently has only ten cents in his trust account. Based on the financial information provided in Plaintiff's IFP application, the Court finds that he has no assets and no means by which to pay any initial partial filing fee at this time. Plaintiff will therefore be excused from paying an initial partial filing fee for his appeal, pursuant to § 1915(b)(4). He will, of course, remain liable for the full $105 filing fee for his appeal, and prison officials will have to deduct that amount from his trust account pursuant § 1915(b)(2). *See In re Tyler, supra.*

Although the Court remains fully satisfied that Plaintiff's complaint was properly dismissed, the Court does not find that the issues he apparently seeks to raise on appeal are legally "frivolous," as that term has been defined by the Supreme Court. Therefore, Plaintiff's appeal is found to be taken in "good faith" for purposes of 28 U.S.C. § 1915(a)(3) and Fed. R. App. P. 24(a)(3), and his IFP application will be granted.

Based upon the foregoing, and all of the files, records and proceedings herein,

**IT IS HEREBY ORDERED** that:

1. Plaintiff's application to proceed *in forma pauperis* on appeal (Doc. No. 12) is **GRANTED**;

2. Pursuant to 28 U.S.C. § 1915(b)(4) and *Henderson v. Norris*, Plaintiff is found to be wholly destitute, and will therefore be excused from paying any initial partial filing fee at this time;

3. Plaintiff shall remain liable for the full $105 filing fee for his appeal, which shall be paid in the manner provided by 28 U.S.C. § 1915(b)(2).

Dated: January 16, 2002

DONOVAN W. FRANK
Judge of United States District Court